UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAWON M. MARTIN, #857172,

        Plaintiff,                             Hon. Robert J. Jonker

v.                                         Case No. 1:24-cv-646

JACOB ROSENBURG, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 17).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted.

## BACKGROUND

Plaintiff initiated the present action against Michigan Department of Corrections (MDOC) Director Heidi Washington as well as numerous individuals employed at the Ionia Correctional Facility (ICF) where the relevant events occurred. Plaintiff's claims, save his First Amendment retaliation claims against Defendants Rosenburg and Tucker, were dismissed on screening.   (ECF No. 7).   With respect to such claims, Plaintiff asserts the following.   (ECF No. 1).

-1-

Defendants Rosenburg and Tucker conducted a "campaign of harassment and retaliatory attacks" against Plaintiff because Plaintiff and Defendant Rosenburg had "run in's" while attending the same middle school as kids.

On June 28, 2022, Plaintiff asked Defendant Tucker why she was harassing him to which Tucker responded, "I'm sticking up for my fellow officer. You thought Rosenburg forgot about you beating him up and how much of a[n] asshole you were to him in school."

On July 1, 2022, Defendant Rosenburg informed Plaintiff that he was "going to turn up the heat and that he was just getting started."  When Plaintiff indicated that he did not want any problems, Rosenburg responded that he would consider their issues resolved if Plaintiff would stab an inmate that had been causing trouble.  When Plaintiff declined, Rosenburg told Plaintiff that he would regret it.

On July 12, 2022, Defendant Rosenburg ordered Plaintiff to submit to a shakedown and, while performing the search, Rosenburg told Plaintiff that, if he did not stop snitching on him, Plaintiff would end up getting stabbed.  Rosenburg then called Plaintiff a "snitch" in a loud voice, placing his life in danger.

On July 16, 2022, Defendant Tucker announced over the intercom that she hoped "some people liked their food trays today."  Plaintiff refused his food tray because he was afraid that something had been done with his food.

Defendant Tucker now moves for summary judgment on the ground that Plaintiff has not properly exhausted his administrative remedies.  Plaintiff has failed to

-2-

respond to Defendant's motion.    The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."    Fed. R. Civ. P. 56(a).    Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."    *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."    *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).    Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."    *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).    The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.    *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."    *Amini*, 440 F.3d at 357.    The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant

probative evidence" establishing that "there is a genuine issue for trial."    *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).    Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."    *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."    *Daniels*, 396 F.3d at 735.    Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law."    *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle."    *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).    Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

-4-

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies.    *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).    This obligation only extends, however, to such administrative remedies as are available.    *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).    Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.    *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."    *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).    In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'    The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.    Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his

control, or the issue falls within the jurisdiction of Internal Affairs.    MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).[1]   The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue.    (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff.   MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019).    The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."    MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.   MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).    If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.    MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of her motion, Defendant Tucker has presented evidence that Plaintiff has failed to properly exhaust his claims against her.    (ECF No. 18-3, PageID.160-86). Specifically, Defendant has presented evidence that Plaintiff pursued four grievances, none of which properly exhausts Plaintiff's claims.   Two grievances, ICF-22-07-0718-

---

[1] A newer version of this Policy Directive became effective September 25, 2023. Plaintiff's allegations against Defendant Tucker, however, concern events which occurred before this updated Policy Directive became effective.

26I and ICF-22-07-0769-28b, fail to establish exhaustion because neither concerned Plaintiff's retaliation claims against Defendant Tucker.    (ECF No. 18-3, PageID.166-70, 176-80).    Two other grievances, ICF-22-07-0770-28b and ICF-22-07-0682-27z, likewise fail to establish exhaustion because both were rejected at all three steps of the grievance process.    (ECF No. 18-3, PageID.171-75, 181-86).

Plaintiff has failed to respond to Defendant's motion and, therefore, has failed to present any evidence indicating a genuine factual dispute on the question whether he properly exhausted his administrative remedies regarding his remaining claims against Defendant Tucker.    Because Defendant's unrefuted evidence satisfies her burden on the exhaustion question, the undersigned recommends that Defendant's motion be granted and Plaintiff's remaining claims against Defendant Tucker be dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 17) be granted and Plaintiff's remaining claims against Defendant Tucker be dismissed without prejudice for failure to exhaust administrative remedies.    For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).    Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: October 6, 2025                    /s/ Phillip J. Green
                                         PHILLIP J. GREEN
                                         United States Magistrate Judge